**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **INTELLECTUAL VENTURES I LLC and
INTELLECTUAL VENTURES II LLC**

*Plaintiffs,*

v.

**J.CREW GROUP, INC.,**

*Defendant*. | §
§
§
§
§
§
§
§
§
§ | Case No.: _____

**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC file this Original Complaint for Patent Infringement against J.Crew Group, Inc. ("J.Crew" or "Defendant") and allege as follows:

## I.  NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## II.  THE PARTIES

2. Plaintiff Intellectual Ventures I LLC ("Intellectual Ventures I") is a Delaware limited liability company having its principal place of business at 3150 139th Avenue Southeast, Bellevue, Washington 98005.

3. Plaintiff Intellectual Ventures II LLC ("Intellectual Ventures II") is a Delaware limited liability company having its principal place of business at 3150 139th Avenue Southeast, Bellevue, Washington 98005.

4. Defendant J.Crew Group, Inc. is a Delaware corporation with its principal place of business at 770 Broadway New York, New York 10003. J.Crew Group, Inc. is an apparel and accessory retailer that does business in the State of Texas, including in the Eastern District of Texas. J.Crew Group, Inc. can be served with process through its registered agent, Corporation Service Company, 80 State Street, Albany, New York 12207.

### III. JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. J.Crew is an internationally recognized multi-brand apparel and accessories retailer that maintains continuous and systematic contacts within this District. J.Crew sells its merchandise through its J.Crew, Madewell, and other retail and factory stores, including those located in the Eastern District of Texas, and its websites and catalogs. Additionally, J. Crew exercises substantial control over the design, production, presentation, and pricing of its merchandise and primarily by selling its products itself through the aforementioned channels.

7. J.Crew, directly or through intermediaries, has conducted and conducts substantial business in this forum, including but not limited to: (i) engaging in at least part of the infringing acts alleged herein; (ii) purposefully and voluntarily placing one or more infringing products or services into the stream of commerce with the expectation that they will be purchased and/or used by consumers in this forum; and/or (iii) regularly doing or soliciting business, engaging in

other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.  Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) for the reasons set forth above.

## IV.  BACKGROUND

8. Intellectual Ventures was founded in 2000 on the fundamental premise that inventions are valuable. Since its founding, Intellectual Ventures has built on this premise by working to ensure that a market for invention continues to thrive. Intellectual Ventures creates inventions and files patent applications for those inventions, collaborates with others to develop and patent inventions, and acquires and licenses patents from individual inventors, universities, and other institutions.

9. Intellectual Ventures' business includes purchasing important inventions from individual inventors and institutions and then licensing the inventions to those who need them. Through this business, Intellectual Ventures allows inventors to reap a financial reward from their innovations, which is frequently difficult for individual inventors to do. To date, Intellectual Ventures has acquired more than 70,000 IP assets and, in the process, has paid individual inventors hundreds of millions of dollars for their inventions. Intellectual Ventures has committed over $6 billion in capital for inventions. Intellectual Ventures, in turn, has earned more than $3 billion by licensing these patents to some of the world's most innovative and successful technology companies who continue to use them to make computer equipment, software, semiconductor devices, and a host of other products.

10. Intellectual Ventures also creates inventions. Intellectual Ventures has a staff of scientists and engineers who develop ideas in a broad range of fields, including agriculture, computer hardware, life sciences, medical devices, semiconductors, and software. Intellectual

Ventures has invested millions of dollars developing such ideas and files hundreds of patent applications on its inventions every year, making it one of the top patent filers in the world. Intellectual Ventures has also invested in laboratory facilities to assist with the development and testing of new ideas.

11. Intellectual Ventures also invents by collaborating with inventors and research institutions around the world. Intellectual Ventures has developed inventions by selecting a technical challenge, requesting proposals for inventions to solve the challenge from inventors and institutions, selecting the most promising ideas, rewarding the inventors and institutions for their contributions, and filing for patents on the ideas. Intellectual Ventures has invested millions of dollars in this way and has created a network of more than 4,000 inventors worldwide.

12. This case involves patents that Intellectual Ventures acquired as part of creating a market for important inventions. These important patents include: U.S. Patent No. RE43,715, entitled "System and Method for Integrating Public and Private Data" (the "RE'715 Patent"); United States Patent No. 6,782,370, entitled "System And Method For Providing Recommendation Of Goods Or Services Based On Recorded Purchasing History" (the "'370 Patent"); and U.S. Patent No. 5,969,324, entitled "Accounting Methods And Systems Using Transaction Information Associated With A Nonpredictable Bar Code" (the "'324 Patent") (collectively, the "Patents-in-Suit").

13. The RE'715 Patent was duly and lawfully reissued by the USPTO on October 2, 2012. The RE'715 Patent is reissue of U.S. Patent No. 6,941,376, which was duly and lawfully issued by the USPTO on September 6, 2005 to original assignee American Express Travel Related Services Company, Inc. A copy of the RE'715 Patent is attached hereto as Exhibit A.

14. Plaintiff Intellectual Ventures I LLC is the owner and assignee of all rights, title, and interest in and to the RE'715 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

15. The '370 Patent was duly and lawfully issued by the USPTO to original assignee Cendant Publishing, Inc. on August 24, 2004. A copy of the '370 Patent is attached hereto as Exhibit B.

16. Plaintiff Intellectual Ventures II LLC is the owner and assignee of all rights, title, and interest in and to the '370 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

17. The '324 Patent was duly and lawfully issued by the USPTO to original assignee Motorola, Inc. on October 19, 1999. A copy of the '324 Patent is attached hereto as Exhibit C.

18. Plaintiff Intellectual Ventures I LLC is the owner and assignee of all rights, title, and interest in and to the '324 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

19. J.Crew is an internationally recognized and vertically integrated omni-channel specialty retailer of multi-brand apparel and accessories that operates stores and websites both domestically and internationally. J.Crew conducts business through two primary sales channels: (1) *Stores*, which consists of retail, factory, and Madewell stores, and (2) *Direct*, which consists of J.Crew, factory, and Madewell websites.

20. J.Crew projects its brand image through consistent messaging in store environments, websites, and catalogs and through its customer service efforts. It maintains its brand image by exercising substantial control over the design, production, presentation, and pricing of merchandise and by selling its products itself. J.Crew senior management is

extensively involved in all phases of its business including product design and sourcing, assortment planning, store selection and design, and website experience.

21.     J.Crew recognizes the importance of anticipating and responding to trends and changing consumer demands in the marketplace. To that end, J.Crew acknowledges that its success depends in substantial part on its ability to anticipate, gauge, and react to changing consumer demands in a timely manner. Further, J.Crew is increasingly dependent on information systems to operate its websites, process transactions, respond to customer inquiries, manage inventory, purchase, sell, and ship goods on a timely basis and maintain cost-efficient operations.

22.     J.Crew has implemented multiple systems and methods that infringe the Patents-in-Suit to ensure, among other reasons, that it is able to anticipate and respond to marketplace trends and changing consumer demands. For example, J.Crew collects customer data, including through online activity and through both online and point-of-sale purchases.

23.     J.Crew collects customer information, such as account information, sales transaction information, and customer purchase history, and electronically stores that information through order entry and point of sale transactions. At the point-of-sale, this customer and sale information is associated with various types of nonpredictable bar codes. For example, the products sold are identified with and associated with product bar codes, and nonpredictable bar codes are printed on a customer's receipt. J.Crew stores this information, and it may readily be retrieved using the nonpredictable barcode, such as when a customer desires to return items previously purchased.

24.     Additionally, information collected by J.Crew enables it to personalize its customers' online shopping experience. J.Crew does this, in part, by using customers' past shopping history, tracking customers' on-site behavior, and establishing patterns among like-

minded shoppers to provide online recommendations. The customer information that J.Crew collects and electronically stores is, along with information collected and stored about other customers, subsequently correlated with J.Crew's catalog of products to provide online recommendations.

## V.  CLAIMS

25. All preceding paragraphs are incorporated by reference.

26. Based on the above-described services and products, Plaintiffs assert the following against Defendant:

### CLAIM 1
### Direct Patent Infringement of the RE'715 Patent

27. J.Crew has directly infringed and continues to infringe (literally and/or under the doctrine of equivalents) at least claim 20 of the RE'715 Patent in violation of 35 U.S.C. § 271(a) by making and using in the United States, without Plaintiffs' authority, system(s) used to integrate and deliver product and sales data over a network. By way of example only and without limiting Plaintiffs' claims to this specific example, J.Crew's implementation and use of recommendations on its internet shopping website www.jcrew.com infringes at least claim 20 of the RE'715 Patent.

28. J.Crew's implementation and use of recommendations on its internet shopping website www.jcrew.com integrates and delivers data available over a network.

29. On information and belief, J.Crew's implementation and use of recommendations on its internet shopping website acquires public data from at least one publicly available data store coupled to said network, wherein said public data is determined by private data.

30. On information and belief, J.Crew's implementation and use of recommendations on its internet shopping website acquires said private data from at least one private data store coupled to said network.

31. On information and belief, J.Crew's implementation and use of recommendations on its internet shopping website integrates said public data and said private data to form integrated data.

32. On information and belief, J.Crew's implementation and use of recommendations on its internet shopping website delivers said integrated data to a user system.

33. Intellectual Ventures I LLC has been injured and seeks damages to adequately compensate it for J.Crew's infringement of the RE'715 Patent. Such damages should be no less than a reasonable royalty under 35 U.S.C. § 284.

34. J.Crew will continue to infringe the RE'715 Patent unless enjoined by this Court. Intellectual Ventures I LLC therefore requests that this Court enter an order under 35 U.S.C. § 283 permanently enjoining Defendants from continuing to make or use the products and processes accused of infringing the RE'715 Patent and from further infringement, contributory infringement, and/or inducing infringement of the RE'715 Patent.

### CLAIM 2
### Direct Patent Infringement of the '370 Patent

35. J.Crew has directly infringed and continues to infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the '370 Patent in violation of 35 U.S.C. § 271(a) by making and using in the United States, without Plaintiffs' authority, system(s) used to implement Baynote Recommendations solution. By way of example only and without limiting Plaintiffs'

claims to this specific example, J.Crew's implementation and use of Baynote Recommendations solution on the website www.jcrew.com infringes at least claim 1 of the '370 Patent.

36. The Baynote Recommendations solution is computer-implemented and recommends goods and/or services to potential customers over a distributed network based on customer buying history utilizing an information processing system containing processing means having transmission means for receiving and transmitting data, and database storage means for storing information in database files.

37. On information and belief, J.Crew's Baynote Recommendation solution receives customer commands specifying a particular good or service to be used as filter data.

38. On information and belief, J.Crew's Baynote Recommendation solution stores information pertaining to goods and/or services purchasing history of previous customers.

39. On information and belief, J.Crew's Baynote Recommendation solution compares said filter data with said stored information and determining whether, for said filter data, corresponding entries exist within the stored information.

40. On information and belief, J.Crew's Baynote Recommendation solution, if corresponding entries exist, displays the identity of other goods and/or services purchased by said previous customers who have purchased the good and/or service used as said filter data.

41. Plaintiff Intellectual Ventures II LLC has been injured and seeks damages to adequately compensate it for J.Crew's infringement of the '370 Patent. Such damages should be no less than a reasonable royalty under 35 U.S.C. § 284.

42. J.Crew will continue to infringe the '370 Patent unless enjoined by this Court. Plaintiffs therefore request that this Court enter an order under 35 U.S.C. § 283 permanently enjoining J.Crew from continuing to make or use the products and processes accused of

infringing the '370 Patent and from further infringement, contributory infringement, and/or inducing infringement of the '370 Patent.

### CLAIM 3
### Direct Patent Infringement of the '324 Patent

43. J.Crew has directly infringed and continues to infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the '324 Patent in violation of 35 U.S.C. § 271(a) by making and using in the United States, without Plaintiffs' authority, system(s) used with non-predictable barcodes to collect transaction information and at the point-of-sale. By way of example only and without limiting Plaintiffs' claims to this specific example, J.Crew's implementation and use of non-predictable barcodes with its point-of-sale system, including its Epicor CRS Retail Store POS solution, infringes at least claim 1 of the '324 Patent.

44. J.Crew's point of sale system associates non-predictable barcodes with transaction information related to product purchases and returned items.

45. On information and belief, J.Crew's point of sale system receives and stores transaction information associated with a nonpredictable bar code, the transaction information generated by a transaction terminal.

46. On information and belief, J.Crew's point of sale system receives a request for the transaction information including data associated with the nonpredictable bar code.

47. On information and belief, J.Crew's point of sale system retrieves the transaction information based upon the nonpredictable bar code.

48. On information and belief, J.Crew's point of sale system communicates the transaction information.

49. Plaintiff Intellectual Ventures I LLC has been injured and seeks damages to adequately compensate it for J.Crew's infringement of the '324 Patent. Such damages should be no less than a reasonable royalty under 35 U.S.C. § 284.

50. J.Crew will continue to infringe the '324 Patent unless enjoined by this Court. Plaintiff Intellectual Ventures I LLC therefore requests that this Court enter an order under 35 U.S.C. § 283 permanently enjoining J.Crew from continuing to make or use the products and processes accused of infringing the '324 Patent and from further infringement, contributory infringement, and/or inducing infringement of the '324 Patent.

## VI.  NOTICE

51. All preceding paragraphs are incorporated by reference.

52. At least by filing and serving this Original Complaint for Patent Infringement, Plaintiffs have given Defendant written notice of its infringement.

## VII.  DAMAGES

53. All preceding paragraphs are incorporated by reference.

54. For the above-described infringement, Plaintiffs have suffered injury and seek damages to adequately compensate Plaintiffs for J.Crew's infringement of the Patents-in-Suit. Such damages should be no less than the amount of a reasonable royalty under 35 U.S.C. § 284.

## VIII.  JURY DEMAND

55. Plaintiffs request a jury trial of all issues triable of right by a jury.

## PRAYER FOR RELIEF

56. WHEREFORE, Plaintiffs respectfully request the following relief:

   a. A judgment that Defendant has infringed the RE'715 Patent, whether literally or under the doctrine of equivalents, as described herein;

b.  A judgment that Defendant has infringed the '370 Patent, whether literally or under the doctrine of equivalents, as described herein; A judgment that Defendant has infringed the '324 Patent, whether literally or under the doctrine of equivalents, as described herein;

c.  A judgment and order requiring Defendant to pay damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the RE'715 Patent as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed; A judgment and order requiring Defendant to pay damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '370 Patent as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

d.  A judgment and order requiring Defendant to pay damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '324 Patent as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

e.  An order under 35 U.S.C. § 283 permanently enjoining J.Crew from continuing to make or use the products and processes accused of infringing the RE'715Patent and from further infringement, contributory infringement, and/or inducing infringement of the RE'715Patent;

Page 12 of 14

f. An order under 35 U.S.C. § 283 permanently enjoining J.Crew from continuing to make or use the products and processes accused of infringing the '370 Patent and from further infringement, contributory infringement, and/or inducing infringement of the '370 Patent;

g. An order under 35 U.S.C. § 283 permanently enjoining J.Crew from continuing to make or use the products and processes accused of infringing the '324 Patent and from further infringement, contributory infringement, and/or inducing infringement of the '324 Patent;

h. Such other and further relief as the Court deems just and proper.

DATED: March 8, 2016

Respectfully submitted,

*/s/ Derek Gilliland*

_____
**DEREK GILLILAND**
**ATTORNEY-IN-CHARGE**
TEXAS STATE BAR NO. 24007239
dgilliland@nixlawfirm.com
**NIX PATTERSON & ROACH, L.L.P.**
205 Linda Dr.
Daingerfield, Texas 75638
Telephone: (903) 645-7333
Facsimile: (903) 645-5389

**KIRK VOSS**
TEXAS STATE BAR NO. 24075229
kirkvoss@me.com
**WINN CUTLER**
TEXAS STATE BAR NO. 24084364
winncutler@nixlawfirm.com
**CHRISTIAN HURT**
TEXAS STATE BAR NO. 24059987

christianhurt@nixlawfirm.com
**ROSS LEONOUDAKIS**
TEXAS STATE BAR NO. 24087915
rossl@nixlawfirm.com
**NIX PATTERSON & ROACH, L.L.P.**
1845 Woodall Rogers Frwy., Suite 1050
Dallas, Texas 75201
Telephone: (972) 831-1188
Facsimile: (972) 444-0716

**BEN KING**
TEXAS STATE BAR NO. 24048592
benking@nixlawfirm.com
**NIX PATTERSON& ROACH, L.L.P.**
2900 St. Michael Dr., Ste. 500
Texarkana, Texas 75503
Telephone: (903) 223-3999
Facsimile: (903) 223-8520

**COUNSEL FOR PLAINTIFFS**
**INTELLECTUAL VENTURES I LLC AND**
**INTELLECTUAL VENTURES II LLC**