UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC )<br>INTELLECTUAL VENTURES II LLC )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>J. CREW GROUP, INC. )<br>)<br>)<br>Defendant. )<br>)<br>) | Case No. 6:16–cv–196–JRG<br><br>**JURY TRIAL REQUESTED** |

### J. CREW'S MOTION TO STAY DISCLOSURES AND DISCOVERY

Pursuant to Fed. R. Civ. P. 26 and the Court's inherent power to manage its docket, Defendant J. Crew Group, Inc. ("J. Crew") moves the Court for an order staying all disclosures and discovery otherwise required by the Court's rules or orders until the Court has ruled on J. Crew's pending motion to dismiss for failure to state a claim ("Motion to Dismiss"). A stay would serve the best interests of the Court, the parties, and affected, non–parties with prejudice to no one. Plaintiffs Intellectual Ventures I LLC ("IV I") and Intellectual Ventures II LLC ("IV II") (collectively ("Intellectual Ventures") oppose the motion.

### BACKGROUND

On March 8, 2016, Intellectual Ventures filed a patent infringement complaint against J. Crew, alleging infringement of three patents, U.S. Patent No. RE43,715 ("'715 Patent") (purportedly assigned to IV I); U.S. Patent No. 6,782,370 ("'370 Patent") (purportedly assigned to IV II); and U.S. Patent No. 5,969,324 ("'324 Patent") (purportedly assigned to IV I). *See* ECF

Nos. 1 (Complaint) & 1–1 to 1–3 (asserted patents). Intellectual Ventures contends that J. Crew directly infringes representative claims of the asserted patents through two, unrelated, third–party systems: (1) alleged infringement of the '715 and '370 Patents the third–party recommendations solution on J. Crew's retail website; and (2) alleged infringement of the '324 Patent through the third–party point–of–sale system at J. Crew's retail stores. Complaint ¶¶ 27, 35 & 43. That is, in one complaint, Intellectual Ventures has identified both a third–party feature of J. Crew's retail website and a third–party system in J. Crew's retail stores as accused instrumentalities, although the allegations against the recommendations feature of the website bears no relation to the allegations against the retail store point–of–sale system.

Today, J. Crew filed the Motion to Dismiss asserting that the claims of all three asserted patents claim ineligible subject matter under 35 U.S.C. § 101 and *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014). In conjunction with this motion, J. Crew files this motion for a stay of all otherwise required disclosures and discovery under the rules and orders of this Court until this Court has determined whether the complaint states a claim upon which relief can be granted. Under the circumstances of this case—which implicates two unrelated systems and two unrelated third parties—the Court and the parties would be best served by addressing the threshold issue of subject–matter eligibility on the merits before requiring the Court, the parties, or non–parties to incur additional costs in time or money.

## ARGUMENT

"At times," the Federal Circuit has recognized, "a lengthy delay in ruling on a request for relief can amount to a denial of the right to have that request meaningfully considered." *In re Google, Inc.*, 2015 WL 5294800, *1 (Fed. Cir. July 16, 2015) (granting *mandamus* petition and ordering stay of all other proceedings while district court rules on motion to transfer). A stay

obviates that risk. Moreover, there are times when Fed. R. Civ. P. 26 will *require* a stay of discovery proceedings pending resolution of a dispositive motion. Rule 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to a party's claim or defense and *proportional* to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). It is plainly disproportionate to require parties to engage in extensive and expensive discovery in a case in which the soundness of the asserted patents can be tested at little expense through an early–case motion. That case is especially strong where two plaintiffs have accused two unrelated instrumentalities—the third–party recommendations feature of a retail website and the third–party point–of–sale system in retail stores—of infringing three unrelated patents. For the reasons discussed below, a stay of discovery and disclosures pending resolution of the Motion to Dismiss—which will not prejudice the parties and might aid the Court by alleviating pressure on its busy docket—is warranted.

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (citations omitted) ("hold[ing] that the district court properly deferred discovery while deciding whether the defendants were proper parties to the action") (brackets added); *see also AntiCancer, Inc. v. Pfizer, Inc.*, 769 F.3d 1323, 1328 (Fed. Cir. 2014) ("Invocation of the district court's inherent powers is a matter of regional circuit law, rather than Federal Circuit law."). "[T]he Fifth Circuit has held that it is appropriate to stay discovery until preliminary questions that may dispose of the case are determined." *Parish of Jefferson v. S. Recovery Mgmt., Inc.*, 1996 WL 144400, *2 (E.D. La. Mar. 27, 1996) (citing *Petrus*) (brackets added) (overruling magistrate judge's denial of motion to stay discovery under clear error standard); *see also Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 200 (5th Cir. 1988) ("More specifically, we have

held that a trial court may properly exercise its discretion to stay discovery pending a decision on a dispositive motion.").

This approach has strong support elsewhere. "District courts have broad discretion to stay discovery pending the resolution of a potentially dispositive motion, including a motion to dismiss," particularly in cases "where discovery tends to be broad, time–consuming and expensive." *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558–59 (2007)). "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Chavos v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979)) (staying discovery pending determination of dispositive motions). "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should...be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (ellipsis added; footnote and citation omitted).

In ruling on a stay request, the Court "must consider which side will bear the greater and the less remediable burden" from the entry of a stay order or the denial of a stay request. *Itel Corp. v. M/S Victoria U (Ex Pishtaz Iran)*, 710 F.2d 199, 203 (5th Cir. 1983). The Court may also look to its own convenience and the interests of non–parties and the public. *See String Cheese Incident*, 2006 WL 894955 at *2. Courts sometimes look to the status of the litigation

and the avoidance of duplicative proceedings. *Graphics Props. Holdings, Inc. v. Toshiba Am. Info. Sys., Inc.*, 2014 WL 923314, *2 (D. Del. Mar. 5, 2014).

Viewed through any of these lenses, a stay is warranted in this action. A stay would save the Court and *all* parties the expenditure of considerable resources at the minimal expense of a short delay in a case in which the Court has not yet held a scheduling conference or set a trial date. If the case is dismissed or transferred, the case closes with the limited expenses in time and money related to the Court's decision whether a valid claim has been stated. If the case is not dismissed, it proceeds without any sacrifice, given that J. Crew's motion presents a threshold issue on which an early decision is appropriate.

The Motion to Dismiss is case–dispositive and ripe for decision, and raises the issue of patent subject matter–eligibility, which is especially appropriate for early–case resolution. The Federal Circuit and courts in this District have made clear that the subject–matter eligibility of asserted patent claims under 35 U.S.C. § 101 can and should be put to the test early in litigation and based on the pleadings. *See*, *e.g.*, *Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343 (Fed. Cir. 2015); *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359 (Fed. Cir. 2015); *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 719 (Fed. Cir. 2014), *cert. denied sub nom. Ultramercial, LLC v. WildTangent, Inc.*, 135 S. Ct. 2907 (2015); *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350 (Fed. Cir. 2014); *NexusCard, Inc. v. The Kroger Co.*, 2016 WL 1162180 (E.D. Tex. Mar. 24, 2016) (Gilstrap, J.); *Clear With Computers, LLC v. Altec Indus., Inc.*, 2015 WL 993392 (E.D. Tex. Mar. 3, 2015) (Gilstrap, J.); *Loyalty Conversion Systems, Corp. v. Am. Airlines, Inc.*, 66 F. Supp. 3d 829 (E.D. Tex. 2014) (Bryson, J., sitting by designation); *Dick's Sporting Goods*, 2014 WL 923280.

> Addressing 35 U.S.C. § 101 at the outset not only conserves scarce judicial resources and spares litigants the staggering costs associated with discovery and

> protracted claim construction litigation, it also works to stem the tide of vexatious suits brought by the owners of vague and overbroad business method patents. Accordingly, where, as here, asserted claims are plainly directed to a patent ineligible abstract idea, [the Federal Circuit has] repeatedly sanctioned a district court's decision to dispose of them on the pleadings.

*OIP Techs.*, 2015 WL 3622181 at *4 (Mayer, J., concurring) (collecting cases) (brackets added).

Intellectual Ventures will suffer no prejudice from a short stay of proceedings to resolve this preliminary issue, which will determine whether there is any claim for the Court to adjudicate. To be clear, J. Crew is seeking a stay of all disclosures and discovery, those that apply to Intellectual Ventures and those that apply to J. Crew. Thus, J. Crew would be excused, for example, from its obligations to make its initial disclosures, including infringement contentions under P.R. 3–1 and 3–2. J. Crew gains no tactical advantage from a stay of *all* deadlines before any deadlines have been set. Because Intellectual Ventures is not a clothing retailer, Intellectual Ventures does not compete with J. Crew in the market for high–quality clothing. Nor does Intellectual Ventures market software products, web services, or point–of–sale systems to such retailers. Thus, damages are the only substantive relief to which Intellectual Ventures could reasonably be entitled. Intellectual Ventures cannot point to any prejudice it will suffer from the grant of a stay.

By contrast, both parties will suffer from the imposition of burdensome discovery obligations that may prove unnecessary. The discovery required to be produced absent a stay is broad and the burden on defendants under the local rules potentially significant. To take but one example, under the Court's sample discovery order, the parties are required, "[w]ithout awaiting a discovery request," to, *inter alia*, "produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the

extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas." *See* Sample Discovery Order for Patent Cases Assigned to Judge Rodney Gilstrap and Judge Roy Payne, ¶ 3(b), available at http://www.txed.uscourts.gov/cgi-bin/view_document.cgi?document=22243 (brackets added). Between the operation of the local patent rules and the Court's discovery order, J. Crew faces the prospect of making a potentially massive production of "all documents" relevant to Intellectual Ventures' claims and its defenses early in the litigation, all while a motion going to the very adequacy of the claims against it remains pending.

The cost to the parties of complying with all of these requirements is high, and under the circumstances of this case would be disproportionately born by J. Crew.

> This is, at least in part, because accused infringers often possess enormous amounts of potentially relevant documents that are ultimately collected and produced. The Federal Rules of Civil Procedure, as well as the local discovery rules and policies of a number of district courts, allow for liberal discovery, and it is not uncommon for an accused infringer to produce millions of pages of documents, collected from central repositories and numerous document custodians. Those discovery costs are generally paid by the producing party, increasing the nuisance value that an accused infringer would be willing to settle for in a patent infringement case.

*Eon–Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1327 (Fed. Cir. 2011). In the *Eon–Net* litigation, the defendant spent over $600,000 to litigate the case to a favorable judgment despite the fact that the trial court "stayed all discovery that did not relate to claim construction issues." *Id*. "[T]hat amount would have been substantially increased if the district court had allowed full discovery." *Id*.; *see also* Executive Office of the President, *Patent Assertion and U.S. Innovation* at 9 (2013), available at https://www.whitehouse.gov/sites/default/files/docs/patent_report.pdf (cost of patent infringement litigation ranges from $650,000 to $5 million). Such expenses can be used aggressively to "bully competitors, especially those that cannot bear the costs of a drawn–

out, fact–intensive patent litigation." *Bilski v. Kappos*, 561 U.S. 593, 656 (2010) (Stevens, J., concurring in the judgment). In this case, that expense will be multiplied further by Intellectual Ventures' decision to accuse two unrelated instrumentalities implicating two unrelated third parties of infringing three unrelated patents. If the Court allowed the ordinary course of patent litigation under the operative local rules and Court orders, J. Crew would be required to gather, review, and produce documents relating to both of these systems and search for and analyze prior art for three unrelated patents in disparate fields, all while a case–dispositive motion seriously challenging the patent–eligibility of the asserted patents remained pending. That manner of proceeding is not in accord with Rule 26's injunction that discovery be proportional to the needs of the case. This case highlights how one size cannot possibly fit the discovery needs of all patent cases.

Finally, the timing favors a stay where no scheduling conference has been held, discovery has not opened, and no trial date (or any other deadline) has been set. *See Graphics Props. Holdings, Inc. v. Toshiba Am. Info. Sys., Inc.*, 2014 WL 923314, *3 (D. Del. Mar. 5, 2014) (stay favored where no trial date had been set and discovery was not complete).

In sum, J. Crew has raised a threshold issue in a Motion to Dismiss that the Court will need to decide early in the case, and should decide before discovery has opened or any deadlines have been set that would require either party (or affected third parties) to incur significant expense in connection with this wide–ranging litigation. The circumstances strongly favor a stay, which would be in the best interests of the Court, the parties, and potentially affected non–parties.

## CONCLUSION

Based on the foregoing, J. Crew respectfully requests that its motion to stay be granted.

Dated: May 5, 2016

Jennifer Parker Ainsworth
Tex. Bar No. 00784720
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
Tyler, TX 75701
Tel: (903) 509–5000
Fax: (903) 509–5092
jainsworth@wilsonlawfirm.com

/s/ David Swetnam–Burland
Peter J. Brann
David Swetnam–Burland
Stacy O. Stitham
BRANN & ISAACSON
184 Main Street, 4th Floor
Lewiston, ME 04243−3070
Tel: (207) 786−3566
Fax: (207) 783–9325
pbrann@brannlaw.com
dsb@brannlaw.com
sstitham@brannlaw.com

*Counsel for Defendant J. Crew Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel of record on May 5, 2016, by filing this document using the CM/ECF system.

/s/ David Swetnam–Burland
David Swetnam–Burland

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV–7(i), Counsel for J. Crew states that counsel has complied with the meet–and–confer requirement in Local Rule CV–7(h), and that Intellectual Ventures opposes J. Crew's Motion to Stay Discovery and Disclosures. Counsel for J. Crew, Peter J. Brann, and counsel for Intellectual Ventures, Derek Tod Gilliland, conferred by telephone on May 4, 2016. Intellectual Ventures would not agree to a stay of disclosures and discovery pending the resolution of J. Crew's motion to dismiss. Thus, J. Crew and Intellectual Ventures are at an impasse on that issue, leaving an open issue for the Court to resolve.

/s/ David Swetnam–Burland
David Swetnam–Burland