## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **INTELLECTUAL VENTURES I LLC** | § | |
| **INTELLECTUAL VENTURES II LLC** | § | |
| | § | |
| *Plaintiffs,* | § | **Case No. 6:16-cv-196-JRG** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **J. CREW GROUP, INC.,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## INTELLECTUAL VENTURES I LLC'S AND INTELLECTUAL VENTURES II LLC'S MOTION TO RECONSIDER ORDER GRANTING-IN-PART J. CREW'S MOTION TO DISMISS (DOCKET NO. 55)

## I.   INTRODUCTION

This Motion presents a unique circumstance in which reconsideration is appropriate.  After the parties completed briefing on J. Crew's Motion to Dismiss and the Court held a hearing, the PTAB declined to institute CBM proceedings on the RE715 Patent.  Specifically, the PTAB determined in a final and unappealable ruling that the RE715 Patent claims fall within the technological-invention exception to CBM jurisdiction—the claims are necessarily rooted in computer technology in order to overcome a problem specifically arising in the realm of computer networks.

Those findings are central to uphold a patent under *Alice*.  The Court's Order, however, reached the opposite conclusion: in holding the RE715 Patent ineligible under § 101, the Court held that the claims were directed to an abstract idea—not a technological invention—and their limitations were uninventive and amounted to rudimentary business logic.  Reconsideration is thus proper to harmonize the two decisions or, at a minimum, allow the Court to specifically address the Institution Decision issue prior to IV raising the issue on appeal.  For that reason, IV respectfully requests that the Court reconsider its Order.[1]

## II.   BACKGROUND

IV alleges in this suit that J. Crew infringes three patents: the RE715, '370, and '324 Patents.  J. Crew then filed a Rule 12(b)(6) motion to dismiss under § 101, which was fully briefed in June.  The Court held a hearing on July 13, 2016.  Docket No. 35.  On August 2, 2016, the Patent Trial and Appeal Board ("PTAB") declined to institute Covered Business Method Review ("CBM") proceedings on the RE715 Patent.  Docket No. 49; *see* Exhibit A of Notice (Docket No.

---

[1] While Intellectual Ventures believes that the Court incorrectly concluded that the '370 Patent is ineligible under § 101, that Patent is not subject to this Motion.  Intellectual Ventures reserves its right to challenge each of the Court's conclusions later in the proceedings and on appeal.

49-1), at 5–12 ("Institution Decision").  IV provided a plain vanilla notice of the decision, as required by this Court's Standing Order.  *Id.*  The Court then granted J. Crew's Motion with respect the RE715 Patent.  Order, (Docket No. 55), at 7–9 ("Order").  The Court's Order did not reference the Institution Decision.  IV now moves for reconsideration.

### III.    ARGUMENT

#### A.    Applicable Law for Motions for Reconsideration

The Court has authority to grant a motion for reconsideration under Rule 59(e).  *Lodsys, LLC v. Brother Int'l Corp.*, No. 2:11-CV-90, 2011 U.S. Dist. LEXIS 51336, at *19 (E.D. Tex. Jan. 14, 2013).  Grounds for granting reconsideration include: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice.  *Id.* at *19–20 (quoting *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)).  While "[a] motion to reconsider should not be used to re-urge matters a party has already advanced," the Court may exercise its discretion to reconsider an important issue that was not adequately briefed.  *Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09-CV-446, 2011 U.S. Dist. LEXIS 157891, at *25 (E.D. Tex. Sept. 23, 2011) (reconsidering important claim-construction issue that, "although raised initially in the claim construction briefing and at the *Markman* hearing," was not "fully briefed and argued until the motion to reconsider"); *Promethean Insulation Tech. LLC v. Sealed Air Corp.*, No. 2:13-CV-1113, 2015 U.S. Dist. LEXIS 179073, at *6–7 (E.D. Tex. Aug. 11, 2015) (reconsidering claim-construction issue that the parties did not brief "throughout the claim construction process").

#### B.    The Court Should Reconsider Its Order in View of the PTAB's Institution Decision Regarding the RE715 Patent

Reconsideration is proper in this narrow circumstance to prevent a manifest injustice resulting from inconsistent findings between the Court's Order and the Institution Decision.  The

Institution Decision was not available when the parties argued the eligibility issues.  It is true that

the Court's Order issued after the Institution Decision issued.  The Institution Decision, however,

was not referenced in the Order, and the parties did not address the Institution Decision (other than

the notice when the Decision issued).  Reconsideration is thus appropriate.

The Institution Decision is an important data point in the Court's *Alice* analysis.  The PTAB

held—in a final and unappealable decision, 35 U.S.C. § 314(d)—that the RE715 Patent fell within

technological invention exception to CBM Review.  The PTAB's technological-invention findings

show that the RE715 Patent survives J. Crew's *Alice* attack:

> With respect to the technical problem/solution analysis, Patent
> Owner argues that the '715 Patent ***is directed to a technical problem***
> ***that existed on prior art computer networks***, explaining that such
> network architectures did not sufficiently allow an individual to
> access and view both public and private data simultaneously.  Patent
> Owner continues that this was an issue with prior art computer
> networking architectures and ***required a technical solution*** that
> would facilitate the delivery of integrated public and private data
> from disparate web sites. ***We agree with Patent Owner***. . . .
>
> [C]laim 20 recites that "said public data is determined by private
> data" and "integrating said public data and said private data to form
> integrated data." The integrated data are delivered over a network,
> as recited in claims 20 and 35, or delivered to at least one client
> computer device, as recited in claim 41. . . . ***It is difficult to***
> ***determine that claimed processes, necessarily rooted in computer***
> ***technology in order to overcome a problem specifically arising in***
> ***the realm of computer networks, are not technical solutions to***
> ***technical problems***. As such, we are not persuaded that Petitioner
> has demonstrated that the remaining claims of the '715 Patent are
> not directed to a technical solution to a technical problem.

Institution Decision, at 10–11 (all emphases supplied unless otherwise noted, citations omitted).

These findings are relevant for two reasons.  First, a "technological invention," such as the RE715

Patent, is defined by regulation as one that survives an *Alice* challenge: it is an invention "in which

'the claimed subject matter as a whole recites a technological feature that is novel and unobvious

over the prior art; and solves a technical problem using a technical solution.'" *Versata Dev. Grp. Inc. v. SAP Am., Inc.*, 793 F.3d 1306, 1326 (Fed. Cir. 2015) (quoting 37 C.F.R. § 42.301(b)); *id.* at 1327 (citing *Alice* in connection with technological-invention analysis); *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1336 (Fed. Cir. 2016) ("[T]he first step in the *Alice* inquiry in this case asks whether ***the focus of the claims is on the specific asserted improvement in computer capabilities*** . . . or, instead, on a process that qualifies as an 'abstract idea' for which computers are invoked merely as a tool.").

Second, the PTAB's "necessarily rooted in computer technology" finding for the RE715 Patent is the ultimate finding upon which the Federal Circuit upheld the eligibility of the challenged patent in *DDR Holdings*. There, the Court upheld the § 101 eligibility of claims at the post-trial stage because they were "necessarily rooted in computer technology in order to overcome a problem specifically arising in the realm of computer networks." *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1257 (Fed. Cir. 2014). The PTAB's parallel, final finding for the RE715 Patent shows that its claims are patent-eligible, especially at the Rule 12(b)(6) stage.

These findings, on their own, are sufficient to defeat a Rule 12 motion. But the PTAB's findings have additional force because of the lessened burden before the PTAB. Before the PTAB, the burden to prove that a patent is not a technological invention is the preponderance of the evidence. *Office Patent Trial Practice Guide*, 77 Fed. Reg. 48,756, 48,763 (Aug. 14, 2012) (reciting that the burden of proof for PTAB statutory institution thresholds is a preponderance of the evidence) (citing 37 C.F.R. 42.1(d)). Proving ineligibility in district court requires clear-and-convincing evidence—a substantially higher burden, especially at the Rule 12 stage. *Microsoft Corp. v. i4i Ltd. P'Ship*, 131 S. Ct. 2238, 2245–46 (2011) (requiring clear-and-convincing evidence to invalidate claims in district court); Order (Docket No. 23), at 2–3 (reciting that J. Crew

"must show by clear and convincing evidence that all three patents are drawn to patent-ineligible subject matter" to prevail on its dismissal motion).

The Court's Order, however, did not reference the PTAB's findings and reached a conclusion that cannot be squared with the Institution Decision.  Assessing the same claims as the PTAB, the Order concluded—at the Rule 12 stage and under a heightened standard of proof—that the claims were directed to an abstract idea, not a technical solution to a technical problem. *Compare* Order, at 9 *with* Institution Decision, at 10–11.  The Order also concluded that the specific limitations that the PTAB found evidenced a technological invention (public data is determined by private data and the two forms of data are integrated for network delivery) were "vague and uninventive" and "allude[d] to rudimentary business logic." *Compare* Order at 9–10 *with* Institution Decision, at 11.  The Order did not cite any supporting evidence for these findings.

Reconsideration is proper to harmonize the two decisions.  The Court should, at a minimum, afford some weight to the PTAB's final technological-invention findings when determining the eligibility of the RE715 Patent at the Rule 12-plausibility stage. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1313 n.3 (Fed. Cir. 2014) (concluding, in motion-to-stay context, that district court review of the PTAB's finding of CBM eligibility "would amount to an improper collateral attack on the PTAB's decision to institute CBM review").  And under any amount of weight, those findings confirm what IV believes: that the RE715 Patent on its face survives J. Crew's pleadings-based *Alice* challenge.  For that reason, IV respectfully requests that the Court reconsider its Order and deny J. Crew's Motion regarding the RE715 Patent.

## IV.      CONCLUSION

For the foregoing reasons, Intellectual Ventures respectfully requests that the Court reconsider its Order Granting-in-Part J. Crew's Motion to Dismiss (Docket No. 55).

DATED: September 8, 2016                    Respectfully submitted,


**CHRISTIAN HURT**


**Derek Gilliland**
Texas State Bar No. 24007239
**Nix Patterson & Roach, L.L.P.**
205 Linda Drive
Daingerfield, Texas 75638
903.645.7333 (telephone)
903.645.5389 (facsimile)
dgilliland@nixlaw.com
Attorney in Charge

**Ben King**
Texas State Bar No. 24048592
**Nix Patterson & Roach L.L.P.**
2900 St. Michael Drive, Ste. 500
Texarkana, Texas 75503
903.223.3999 (telephone)
903.223.8520 (facsimile
benking@nixlaw.com

**Kirk Voss**
Texas State Bar No. 24075229
**Christian Hurt**
Texas State Bar No. 24059987
**Ross Leonoudakis**
Texas State Bar No. 24087915
**Winn Cutler**
Texas State Bar No. 24084364
Jason Blackstone
Texas State Bar No. 24036227
**Nix Patterson & Roach, L.L.P.**
1845 Woodall Rodgers Freeway, Ste. 1050
Dallas, Texas 75201
972.831.1188 (telephone)
972.444.0716 (facsimile)
kirkvoss@nixlaw.com
christianhurt@nixlaw.com
rossl@nixlaw.com

winncutler@nixlaw.com
jblackstone@niwlaw.com

**ATTORNEYS FOR PLAINTIFFS
INTELLECTUAL VENTURES I LLC and
INTELLECTUAL VENTURES II LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service on this the 8th day of September, 2016.


_____
CHRISTIAN HURT
NIX PATTERSON & ROACH, L.L.P.